UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAKEVIEW LOAN SERVICING, LLC,

Plaintiff,

v.

MATTHEW J. SNYDER, et al.,

Defendants.

Case No. 3:25-cv-05344-TMC

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DEFENDANTS' MOTION TO DENY AND VACATE THIS CASE, AND PLAINTIFF'S MOTION TO STRIKE

## I.     INTRODUCTION

Before the Court are Plaintiff Lakeview Loan Servicing, LLC's ("Lakeview") motion for entry of final default judgment (Dkt. 14), Defendants Matthew Snyder and Julie Snyder's motion to deny and vacate this case (Dkt. 17), and Lakeview's motion to strike Defendants' motion (Dkt. 19). For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion for default judgment, DENIES Defendants' motion, and DENIES the motion to strike as moot.

## II.     BACKGROUND

### A.     Facts

On September 21, 2022, Defendants received title to a property located at 1525 W. 7th Street, Port Angeles, Washington 98363 (the "Property") via a statutory warranty deed, which

was recorded on October 3, 2022. Dkt. 1 at 14; *see id.* at 2 ¶ 4. Eight days after receiving title, Defendants entered into a loan repayment agreement with Homebridge Financial Services, Inc. ("Homebridge"), in which Defendants promised to pay Homebridge $319,200 with 6.625% yearly interest. *Id.* at 16–18. The same day, Defendants executed a deed of trust transferring rights in the property to Homebridge as collateral on the loan. *Id.* at 20–39. The exhibits submitted by Lakeview in this case contain contradictory information as to when the deed of trust was recorded: one version of the document appears to have been recorded on October 5, 2022, *id.* at 20, and another version appears to have been recorded on October 3, 2022. Dkt. 15 at 10.

On October 10, 2024, Homebridge assigned the deed of trust to Lakeview. Dkt. 1 at 40–43. On October 29, 2024, Mr. Snyder executed two documents titled "Release of Mortgage" and "Demand for Cancellation of Mortgage Inscription and Release of Lien." *Id.* at 45–48. These documents purported to cancel Defendants' debt to Homebridge because Homebridge "did sell and/or convey all beneficial interest in a mortgage loan regarding [the Property] to the Fannie May REMIC Trust 2022-74." *Id.* In November 2024, Defendants conveyed the deed and title to the Property to a private buyer. *Id.* at 58–60.

Lakeview alleges that as of March 2025, Defendants owed $333,822.88 on the loan, *id.* at 4 ¶ 15, and that they owed $343,336.39 on the loan as of July 2025. Dkt. 15 ¶ 7.

### B.    Procedural history

On April 23, 2025, Lakeview filed a complaint alleging that the release of mortgage and subsequent conveyance of the Property "were executed and recorded as a result of fraud committed by Defendants." Dkt. 1 at 4 ¶ 14. Claiming that Defendants are liable for breach of contract, unjust enrichment, and fraud, Lakeview seeks cancellation of the release of mortgage

and of the document conveying the Property, $332,822.88 in damages, and declaratory relief. *Id.* at 5–11.

On May 7, Defendants were personally served with the complaint. Dkts. 8, 9. Defendants failed to file a responsive pleading within the time limit specified under Federal Rule of Civil Procedure 12. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On June 10, Lakeview moved for an entry of default. Dkt. 10. The Clerk entered default the next day. Dkt. 12.

On July 11, Lakeview moved for final default judgment. Dkt. 14. Defendants did not oppose the motion, but on August 21, they moved to "deny and vacate this case." Dkt. 17.

On September 8, Lakeview moved to strike Defendants' motion. Dkt. 19. That same day, Lakeview filed a response to Defendants' motion. Dkt. 20. All three motions are now ripe for the Court's consideration.

## III.    LEGAL STANDARD

Motions for default judgment are governed by Federal Rule of Civil Procedure 55. The Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. Fed. R. Civ. P. 55. In deciding motions for default judgment, courts take "'the well-pleaded factual allegations' in the complaint 'as true,' 'except those relating to the amount of damages.'" *Rozario v. Richards*, 687 F. App'x 568, 569 (9th Cir. 2017) (internal citations omitted) (first quoting *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); and then quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)); Fed. R. Civ. P. 8(b)(6). The court does not accept the truth of statements in the complaint that amount to legal conclusions. *DIRECTV, Inc.*, 503 F.3d at 854. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

1

2

3

4

The "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts weigh the following factors in deciding motions for default judgment:

5

6

7

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

8

9

10

11

*Id.* at 1471–72; *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616–17 (9th Cir. 2016) (suggesting that district courts "weigh" the *Eitel* factors). District courts' decisions on motions for default judgment are discretionary. *See NewGen, LLC*, 840 F.3d at 616 ("We review . . . the grant of a default judgment for abuse of discretion."). Failure to establish the second and third factors is dispositive and requires denial of the motion. *See Cripps*, 980 F.2d at 1268 (vacating default judgment where "the default judgment [was] legally insupportable"); *United States ex rel. Lesnik v. Eisenmann SE*, No. 16-CV-01120-LHK, 2021 WL 4243399, at *11 (N.D. Cal. Sept. 17, 2021) (noting that "failure to satisfy the second and third *Eitel* factors is sufficient to deny a motion for default judgment").

12

13

14

15

16

### IV.    JURISDICTION

17

18

19

20

21

22

23

24

When evaluating a motion for default judgment, the Court begins by examining its jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332(a), because Lakeview is a citizen of Delaware and Florida; Defendants are citizens of Washington; and the amount in controversy exceeds $75,000. *See* Dkt. 1 ¶¶ 2–3, 33; Dkt. 2; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). The

Court has personal jurisdiction over Defendants because they are residents of Washington. *See* Dkt. 8 (service upon Mr. Snyder at Washington residence); Dkt. 9 (service upon Ms. Snyder at Washington residence).

## V.    DISCUSSION

### A.    The Court grants in part Lakeview's motion for default judgment.

In evaluating Lakeview's motion for default judgment, the Court weighs the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Because six of the seven factors favor default judgment, the Court GRANTS Lakeview's motion for default judgment as to Lakeview's claims that Defendants breached the loan repayment agreement and that the deed of trust is a security interest in the Property. However, the Court DENIES the motion as to Lakeview's unjust enrichment and fraud claims and DISMISSES the unjust enrichment claim with prejudice.

#### 1.    Possibility of prejudice to Lakeview

Lakeview argues that it is prejudiced because it has not been able to collect payments on the loan. Dkt. 14 at 4. It contends that "[w]ithout a default judgment, Plaintiff's valid and unsatisfied lien would remain in limbo (at best) and fraudulently terminated (at worst)." *Id.* at 3.

This factor favors default judgment: Defendants have recorded documents purporting to release themselves from their mortgage obligations and convey ownership of the Property, and Lakeview has not received full payment on the loan. Dkt. 1 at 4 ¶ 15, 45–48, 58–60. Absent a default judgment, Lakeview "will 'be denied the right to judicial resolution' of its claims and will be 'without other recourse for recovery.'" *GS Holistic, LLC v. City Smoke Corp.*, No. C24-1286JLR, 2025 WL 1345083, at *2 (W.D. Wash. May 8, 2025) (quoting *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)).

2.      *Substantive merits and sufficiency of complaint*

Lakeview argues that it has provided "sufficient information" in the complaint and motion to meet its obligation under the second and third factors: the merits of Lakeview's substantive claims and the sufficiency of the complaint. Dkt. 14 at 4. These two factors, which are "frequently analyzed together," favor the entry of default judgment "if the allegations in a complaint sufficiently state a claim upon which relief can be granted." *Strategic Funding Source, Inc. v. Boonkur*, No. 3:25-CV-05220-TL, 2025 WL 3073089, at *4 (W.D. Wash. Nov. 4, 2025). This means that the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court may not enter default judgment if the complaint fails to state a claim. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004).

The Court examines each of Lakeview's substantive claims below. As explained below, Lakeview has sufficiently alleged (1) that Defendants breached the loan agreement and deed of trust, and (2) that Lakeview holds a security interest in the Property. Because the complaint states a claim for relief on those two counts, the second and third *Eitel* factors favor default judgment. However, because the successful breach of contract claim precludes a claim for unjust enrichment, the Court DISMISSES Lakeview's unjust enrichment claim with prejudice. Finally, Lakeview has not sufficiently alleged a claim for fraud; however, the Court will permit Lakeview to file an amended complaint by January 29, 2026 if it plans to continue pursuing its fraud claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*a.    Breach of contract*

Lakeview alleges that Defendants breached the loan agreement and deed of trust by failing to make payments, executing the release of mortgage, and conveying the Property to a buyer. Dkt. 1 ¶¶ 28–35.

In Washington, "[a] breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995). "To bring a claim for breach of contract, a party must point to a separate duty contained in the contract that is different from the duties already imposed by law on the parties." *Anderson v. Soap Lake Sch. Dist.*, 191 Wn.2d 343, 376, 423 P.3d 197 (2018).

Lakeview has stated a claim for breach of contract. Lakeview alleges that Defendants executed a deed of trust, creating a duty of repayment; that Defendants breached that duty by executing the release of mortgage; and that Lakeview is owed $333,822.88 as a result of Defendants' breach. Dkt. 1 at 3 ¶¶ 9, 11; *id.* at 4 ¶ 15. Attached to the complaint are copies of the loan agreement, the deed of trust, the assignment of the deed of trust, and Defendants' release of mortgage. *Id.* at 16–56. This is sufficient for default judgment on this claim.

*b.    Unjust enrichment*

Next, Lakeview alleges that Defendants have been unjustly enriched due to their failure to make payments on the loan. Dkt. 1 ¶¶ 36–39.

"Unjust enrichment is the method of recovery for the value of the benefit retained *absent any contractual relationship* because notions of fairness and justice require it." *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258 (2008) (emphasis added). A party may not bring a claim for unjust enrichment if the relationship between the parties is governed by a valid contract.

*See Bircumshaw v. State*, 194 Wn. App. 176, 205–06, 380 P.3d 524 (2016); *see also Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1267 (W.D. Wash. 2009).

Because Lakeview has sufficiently alleged the existence of a valid contract, it cannot also claim unjust enrichment. *See Boonkur*, No. 3:25-CV-05220-TL, 2025 WL 3073089, at *5 (concluding on a motion for default judgment that the plaintiff could not succeed on its unjust enrichment claim because it had successfully alleged breach of contract). The Court DISMISSES Lakeview's unjust enrichment claim with prejudice.

### c.    Fraud

Lakeview argues that "Defendants made false, material misrepresentations by unlawfully executing the Fraudulent Release of Mortgage and Fraudulent Reconveyance and thereafter recording same, knowing that the amounts due under the [promissory note] were not satisfied and their obligations thereunder, as well as in the Deed of Trust, remained outstanding." Dkt. 1 ¶¶ 40–45; *see also id.* ¶¶ 19–27 (seeking cancellation of allegedly fraudulent instruments).

There are nine elements to a civil fraud claim:

> (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Adams v. King County*, 164 Wn.2d 640, 662, 192 P.3d 891 (2008) (quoting *Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194 (1996)). "The absence of any element is fatal to a claim." *Guarino v. Interactive Objects, Inc.*, 122 Wn. App. 95, 126, 86 P.3d 1175 (2004), *as amended on denial of reconsideration* (June 30, 2004).

Here, while Lakeview sufficiently alleges that Defendants made false, material representations and shows that Defendants plausibly knew those representations were false (*see* Dkt. 1 at 4 ¶ 13), Lakeview does not allege that it was ignorant of the falsity of those statements

or that it relied on the truth of those statements in any way. Therefore, Lakeview's fraud claim fails for lack of the sixth, seventh, and eighth elements. If Lakeview intends to continue pursuing a fraud claim against Defendants, it must file an amended complaint by January 29, 2026. If Lakeview does not file an amended complaint by that time, the Court will dismiss the fraud claim without prejudice.

### d.    Security interest

Finally, Lakeview seeks a declaration that it has a security interest in the Property pursuant to the deed of trust and that its interest takes priority over any interests held by Defendants or a third party. Dkt. 1 ¶¶ 46–55.

"A deed of trust creates a security interest in real property." *Brown v. Wash. State Dep't of Com.*, 184 Wn.2d 509, 515, 359 P.3d 771 (2015). This interest is perfected on the day the deed of trust is recorded. *See Olympic Coast Invs., Inc. v. U.S. Bank Nat. Ass'n*, 101 Wn. App. 1003, 2000 WL 713932, at *2 (2000) ("A security interest in a promissory note and the deed of trust securing it is created and perfected by endorsement and physical delivery of the note to the secured party, and the recordation of an 'assignment for security purposes' of the deed of trust in the real property records."); RCW 7.28.230(3) (providing that a mortgage is "immediately perfect[ed]" when it is recorded); RCW 61.24.020 ("[A] deed of trust is subject to all laws relating to mortgages on real property.").

Here, Lakeview has submitted copies of both Homebridge's deed of trust and the document assigning the deed of trust to Lakeview. Dkt. 1 at 20–43; Dkt. 15 at 10–33. This is sufficient to support a claim that Lakeview has a security interest in the property that is senior to interests perfected after the date it was recorded.

### 3.    Sum of money at stake

Lakeview argues that the sum of money it seeks is appropriate because it is the amount owed under the loan. Dkt. 14 at 4. Alongside the motion for default judgment, Lakeview supplies a declaration by a representative from its loan servicer, who states that all of Defendants' loan payments beginning July 1, 2024 are past due, and that "[a]s of July 25, 2025, the total indebtedness owed on the Loan secured by the Deed of Trust is not less than $343,336.39." Dkt. 15 at 3 ¶¶ 6–7. Lakeview submits a copy of the contract, which contains a provision naming the principal and setting 6.625% yearly interest and a provision stating that a borrower in default may be required to pay the full outstanding principal plus accrued interest upon notice from the note holder. *Id.* at 6–8. It also submits copies of the deed of trust, the assignment of the deed of trust, and the documents purporting to release Defendants' mortgage and convey the Property. *Id.* at 10–50.

In weighing the fourth *Eitel* factor—the sum of money at stake—"courts take into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by defendant's conduct.'" *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *4 (W.D. Wash. Jan. 31, 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)). On a breach of contract claim, this factor may be satisfied "when sufficient evidence is presented to support a sum of money requested." *Boonkur*, No. 3:25-CV-05220-TL, 2025 WL 3073089, at *5.

The Local Rules in this district provide further guidance as to what evidence is sufficient. Under Local Rule 55, a plaintiff seeking default must submit "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2). In addition, the plaintiff must "provide a concise explanation

of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." Local Rules W.D. Wash. LCR 55(b)(2)(A). For a contract claim, the plaintiff must "provide the court with a copy of the contract and cite the relevant provisions." *Id.*

Lakeview's documents provide sufficient documentation of the amount owed and how it was calculated. This factor favors default judgment.

### 4.    *Possibility of dispute concerning material facts*

Lakeview argues that there is no possibility of a dispute concerning material facts because Defendants are in default. Dkt. 14 at 5; *see* Dkt. 12.

This factor favors default judgment because once the Clerk has entered default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560.

### 5.    *Whether default was due to excusable neglect*

Lakeview argues that nothing in the record demonstrates that default was the result of excusable neglect. Dkt. 14 at 5. The Court agrees.

"There is little possibility of excusable neglect when the plaintiff properly serves the defendant and the defendant is aware of the litigation." *Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. 2:21-CV-08284-MCS-KS, 2022 WL 17218505, at *6 (C.D. Cal. Oct. 26, 2022). Lakeview has submitted documentation that Defendants were properly served with the summons and complaint in this matter. Dkts. 8, 9. Defendants filed their motion over one month after Lakeview moved for default judgment, and they provided no explanation for the delay. *See* Dkt. 17. With no evidence in the record to support a finding of excusable neglect, this factor favors default judgment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

6.    *Policy favoring decisions on the merits*

Finally, the Court considers the general policy in favor of deciding cases on their merits. "Although this factor 'almost always disfavors the entry of default judgment,' it is not dispositive." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1213 (W.D. Wash. 2014) (quoting *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09-1585JLR, 2011 WL 1584424, at *3 (W.D. Wash. Apr. 27, 2011)). Such is the case here: this factor weighs against default judgment, but in light of the other factors favoring the entry of default judgment, the seventh factor does not mandate that the case move forward.

**B.    The Court denies Defendants' motion to deny and vacate this case, and the Court denies Lakeview's motion to strike as moot.**

Having determined that Lakeview is entitled to default judgment, the Court considers Defendants' motion to deny and vacate this case. In the motion, Defendants argue that the Property "was the subject of mortgage fraud and securities fraud committed by [Homebridge]" and that the release of mortgage was "duly enacted." Dkt. 17 at 1–2. They contend that this lawsuit "constitutes fraud upon the public record" and "is an attempt to misrepresent the standing of [Lakeview], sidestep said duly enacted Release of Mortgage, abridge due process, and unlawfully take [their] private property." *Id.* at 2.

Lakeview argues that Defendants' motion should be stricken under Federal Rule of Civil Procedure 12(f) because it was filed after the deadline for a responsive pleading and after the Clerk's entry of default. Dkt. 19 at 3. Lakeview asserts that Defendants filed the motion in bad faith and "admitt[ed] to the fraudulent activity alleged in Plaintiff's complaint." *Id.* at 1–4. In the alternative, Lakeview argues that to the extent Defendants' motion may be construed as a motion to set aside the entry of default, there is not good cause to do so. *Id.* at 4–9.

Because Defendants are self-represented, the Court construes their motion liberally. *Lumumba v. Pierce County*, No. 3:25-CV-05381-TMC, 2025 WL 2349148, at *2 (W.D. Wash. Aug. 13, 2025); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Defendants' filing could be read as either a motion to set aside default under Federal Rule of Civil Procedure 55(c) or a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court analyzes the motion under both frameworks.

> 1. *Defendants have not shown good cause to set aside the entry of default.*

Rule 55(c) permits a court to "set aside an entry of default for good cause." "The good cause analysis considers three factors: (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). Under this "disjunctive" standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "A party in default bears the burden of showing good cause." *Clarke v. TNSG Health Co.*, No. 24-3411, 2025 WL 2860597, at *2 (9th Cir. Oct. 9, 2025).

Here, the second factor precludes a showing of good cause. A defendant seeking to vacate a default judgment must "present the district court with specific facts that would constitute a defense." *Franchise Holding*, 375 F.3d at 926. However, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.4th at 1094. Defendants allege that Homebridge sold the mortgage on the Property to the Fannie Mae REMIC Trust 2022-74 before Lakeview filed suit, and that Homebridge had tacitly acquiesced to the release of mortgage by failing to respond to

Defendants' inquiries about that conveyance. Dkt. 17 at 2, 5, 7, 9. But this transaction—called securitization—would not nullify the mortgage or Defendants' obligations on the debt.

The deed of trust designates the Mortgage Electronic Registration System ("MERS") as Homebridge's nominee, and it includes a "MERS Rider" permitting MERS to exercise certain "rights, duties and obligations" on Homebridge's behalf. Dkt. 1 at 21, 36–39. "MERS is a private electronic database, operated by MERSCORP, Inc., that tracks the transfer of the 'beneficial interest' in home loans, as well as any changes in loan servicers." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038 (9th Cir. 2011). Within the mortgage industry, "[i]t has become common for original lenders to bundle the beneficial interest in individual loans and sell them to investors as mortgage-backed securities, which may themselves be traded." *Id.* at 1039. These securitization transactions are "recorded only in the MERS database, not in county records, because MERS continues to hold the deed on the new lender's behalf." *Id.*

Ultimately, "the securitization of a loan merely creates a separate contract distinct from" any debt obligations under a promissory note. *Deutsche Bank Nat. Tr. Co. v. Slotke*, 192 Wn. App. 166, 177 n.39, 367 P.3d 600 (2016). In other words, the loan repayment and deed of trust are "distinct and separate from any securities transaction in the 'secondary market' encompassing assignment" from Homebridge to Fannie Mae. *In re Nordeen*, 495 B.R. 468, 479–80 (B.A.P. 9th Cir. 2013). Courts in this district have routinely rejected the argument that mortgage securitization is fraudulent or invalidates any associated debts. *See, e.g.*, *Grubert v. Caliber Home Loans Inc.*, No. 3:24-CV-05405-TMC, 2024 WL 4417288, at 4–5 (W.D. Wash. Oct. 4, 2024) (rejecting a fraud claim based on mortgage securitization), *reh'g denied*, No. 3:24-CV-05405-TMC, 2024 WL 4665427 (W.D. Wash. Nov. 4, 2024); *Pearse v. First Horizon Home Loan Corp.*, No. C16-5627 BHS, 2016 WL 5933518, at *7 (W.D. Wash. Oct. 12, 2016) ("Plaintiff has failed to state a cognizable theory on how the securitization of his loan or the

inclusion of MERS as a beneficiary on the Deed of Trust could constitute fraud or render the Note unenforceable."), *aff'd*, 742 F. App'x 167 (9th Cir. 2018); *Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1300–02 (W.D. Wash. 2015) (rejecting arguments that the sale of a loan on secondary market affected obligations under a deed of trust and that MERS was unable to assign the deed of trust).

Because Defendants have failed to raise a meritorious defense, the Court declines to set aside the entry of default.

   2. *This case should not be dismissed under Rule 12(b)(6).*

Under Rule 12(b)(6), a party may move to dismiss a case for "failure to state a claim upon which relief can be granted." A plaintiff seeking to withstand a motion to dismiss for failure to state a claim must make the same showing as is required under the second and third *Eitel* factors. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating that the burden on the plaintiff opposing a motion to dismiss for failure to state a claim is to "allege enough facts to state a claim to relief that is plausible on its face" (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015))). For the same reasons that the Court outlined in Section V.A.2 of this Order, Defendants cannot succeed in dismissing the case on this basis. And to the extent that Defendants challenge Lakeview's standing (*see* Dkt. 17 at 2), Lakeview has sufficiently alleged that it received assignment of the deed of trust and that it is injured by Defendants' failure to fully repay the loan. Dkt. 1 at 4, 40–43; Dkt. 15 ¶ 7; *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (listing the requirements for standing under Article III of the U.S. Constitution).

Because Defendants' motion fails as either a motion to set aside default or a motion to dismiss, the Court DENIES the motion to deny and vacate this case. Accordingly, Lakeview's motion to strike is DENIED as moot.

1

2

**C.     Lakeview must provide supplemental declarations for the Court to determine appropriate remedies.**

3

4

Under Federal Rule of Civil Procedure 55(b)(2), the Court may elicit additional

5

information from the parties for the purpose of conducting an accounting, determining the

6

amount of damages, establishing the truth of any allegation by evidence, or investigating any

7

other matter. The Court finds that further information is needed here. Below, the Court discusses

8

each of Lakeview's requested remedies and the additional information required. Lakeview must

9

provide supplemental declarations containing this information no later than February 5, 2026.

### 1.     Damages

On a successful breach of contract claim, "the injured party is entitled (1) to recovery of

all damages that accrue naturally from the breach, and (2) to be put into as good a pecuniary

position as he would have had if the contract had been performed." *Eastlake Const. Co. v. Hess*,

102 Wn.2d 30, 39, 686 P.2d 465 (1984). In the complaint, Lakeview requested damages in the

amount of $333,822.88, which was the amount owing on the loan at that time. Dkt. 1 at 10. By

July 2025, that number had risen to $343,336.39. Dkt. 15 ¶ 7. The damages accruing naturally

from Defendants' breach include both the amount owed on the principal and any interest. The

Court directs Lakeview to provide supplemental declarations supporting the amount owing on

the loan at the time that this Order is entered. *See* Fed. R. Civ. P. 55(b)(2)(B).

### 2.     Cancellation of instruments

Lakeview seeks cancellation of the release of mortgage and subsequent conveyance of

the Property executed by Defendants. Dkt. 1 at 5–6. Lakeview argues that these documents were

fraudulently recorded and may injure Lakeview if a third party claims an interest in the Property.

*Id.* at 6 ¶ 25. Although Lakeview styles this request as a separate claim, cancellation of

instruments is an equitable remedy rather than a cause of action. *See Bloor v. Fritz*, 143 Wn.

App. 718, 739, 180 P.3d 805 (2008); *Kwai Ling Chan v. Chase Home Loans Inc.*, No. C12-0273JLR, 2012 WL 1252649, at *4 (W.D. Wash. Apr. 13, 2012). An equitable remedy for breach of contract is available only "where there is no adequate remedy at law." *Egbert v. Way*, 15 Wn. App. 76, 79, 546 P.2d 1246 (1976).

    Lakeview has not sufficiently stated a claim for fraud, and it has not shown that damages are an inadequate remedy for Defendants' breach of contract. Moreover, the party to whom Defendants conveyed the Property is not a party to this action.[1] In any amended pleading that Lakeview may choose to file, it may submit additional allegations as to why cancellation of instruments is a necessary remedy. If Lakeview continues to pursue that remedy, the Court may also require supplemental briefing on its power to order cancellation of instruments as a remedy for the claims brought in this lawsuit between these parties.

        3.    *Declaratory relief*

    "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Declaratory relief is an equitable remedy, whose distinctive characteristic is that it allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen." *Oregon ex rel. Dep't of Transp. v. Heavy Vehicle Elec. License Plate, Inc.*, 198 F. Supp. 2d 1202, 1206 (D. Or. 2002). "The party seeking declaratory relief must show that an actual controversy exists; this requirement is the same as the 'case or controversy' requirement of Article III of the United

---

[1] In the motion for default judgment and motion to strike, Lakeview argues that Defendants purported to convey the Property to themselves, but Lakeview does not point to any evidence in the record or allegations in the complaint that support that assertion. *See* Dkt. 14 at 4; Dkt. 19 at 2.

States Constitution." *Id.* "Declaratory relief is . . . a remedy available for breach of contract, but it is not a stand-alone claim." *Billingsley v. MV Transp., Inc.*, 242 F. Supp. 3d 1011, 1018 (E.D. Cal. 2017).

Pointing to the release of mortgage executed by Defendants, Lakeview claims that "[t]here is an actual controversy between Plaintiff and Defendants as to the priority and status of Plaintiff's lien and Deed of Trust." Dkt. 1 at 9 ¶ 52. Defendants' motion similarly suggests that there is a conflict over the validity of the deed of trust. Dkt. 17 at 2.

Lakeview requests several declarations from the Court. First, Lakeview seeks

> a declaration of the rights of Plaintiff and Defendants, and each of them, including a declaration that Plaintiff's Deed of Trust is a valid encumbrance against the Property as of April 27, 2005 and senior to any interest held by the Defendants, and each of them, or any subsequent lienholder, encumbrancer, or creditor, who purports to take from the Defendants and each of them after as of April 27, 2005.

Dkt. 1 at 10. It is not clear from the record why April 27, 2005 is a significant date. Lakeview must submit additional declarations if it wishes to obtain this remedy. Fed. R. Civ. P. 55(b)(2)(D).

Next, Lakeview seeks "a declaration that the Fraudulent Release of Mortgage and Fraudulent Reconveyance were fraudulently recorded," *id.* at 10; a declaration that those instruments "are hereby cancelled and are null, void, and of no force or effect, as of the original recording dates of the respective instruments," *id.* at 11; and "a declaration that the recording of the Fraudulent Release of Mortgage and Fraudulent Reconveyance had no adverse effect whatsoever on the Deed of Trust." *Id.* Relatedly, it seeks

> a declaration authorizing Plaintiff to record a judgment cancelling the Fraudulent Release of Mortgage and Fraudulent Reconveyance as of each respective original recording date, or, in the alternative, a declaration authorizing Plaintiff to record a judgment declaring that the Fraudulent Release of Mortgage and Fraudulent Reconveyance are cancelled and of no force or effect with the Clallam County Recorder's Office.

*Id.* Because Lakeview has not stated a claim for fraud, and because the party to whom defendants conveyed the Property is not a party to this suit, these requested declarations are unavailable at this time. Lakeview may seek this relief in any amended pleading it wishes to file.

Next, Lakeview seeks "a declaration that the Deed of Trust is a valid and enforceable first in priority lien which continued and continues to encumber the Property as of its original recording date of October 3, 2022." *Id.* As explained above, the Court agrees with Lakeview that the deed of trust is a valid security interest on the Property. However, the Court has noticed discrepancies in the record as to the deed of trust's recording date. *See id.* at 20; Dkt. 15 at 10. The Court directs Lakeview to submit supplemental declarations explaining these discrepancies. Fed. R. Civ. P. 55(b)(2)(C).

Finally, Lakeview seeks "a declaration that Defendants are in monetary default under the terms and obligations of the Note and Deed of Trust." Dkt. 1 at 11. Because Lakeview succeeds on its breach of contract claim, this declaratory relief is appropriate.

### D.    Lakeview has not shown that it is entitled to an award of attorney's fees and costs.

#### 1.    *Lakeview has not shown that it is entitled to attorney's fees incurred in bringing this action.*

Lakeview argues that it is entitled to an award of attorney's fees and costs under the terms of the loan contract and deed of trust. Dkt. 14 at 5–6. It cites two provisions of the deed of trust in support of this request. *Id.*

Lakeview may only recover attorney's fees if the underlying contract "specifically provides for such an award." *Terhune v. N. Cascade Tr. Servs., Inc.*, 9 Wn. App. 2d 708, 728, 446 P.3d 683 (2019). The provisions that Lakeview cites do not do so. The first provision states that in "a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument"—like a bankruptcy or probate proceeding—the lender

may "do and pay for whatever is reasonable or appropriate" to protect its rights and interests, including paying "reasonable attorneys' fees," and that amounts disbursed by the lender under these circumstances may be added to the borrower's debt. Dkt. 1 at 25–26. It does not specifically provide that the lender may recover attorney's fees and costs in a suit against the borrower. The second provision permits the lender to recover attorney's fees from the borrower following acceleration of the loan. *Id.* at 29. It requires the lender to "give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." *Id.* There is no evidence in the record that the loan was accelerated or that Defendants were provided notice of such. *See Terhune*, 9 Wn. App. 2d at 728. Therefore, neither of these provisions supports an award of attorney's fees here.

          2.      *Lakeview has not shown that it is entitled to attorney's fees incurred in litigating the motion to strike.*

Lakeview also seeks the attorney's fees and costs that it incurred in litigating the motion to strike. Dkt. 19 at 10–11. Citing Western District of Washington Local Rule 11(c), it argues that such fees are warranted because Defendants acted in bad faith. *Id.*

Under Local Rule 11(c),

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

Local Rules W.D. Wash. LCR 11(c). Here, Lakeview has submitted no evidence to support the assertion that Defendants acted in bad faith or without just cause simply by failing to file a responsive pleading and then filing an untimely motion some months later. Moreover, Lakeview has not shown that it complied with Federal Rule of Civil Procedure 11(c)(2), which provides

that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)," and that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *See Washeleski v. Monazamfar*, No. 25-CV-03135-EKL, 2025 WL 3514600, at *7 (N.D. Cal. Dec. 8, 2025) ("[B]efore filing a motion for sanctions, the moving party must comply with Rule 11's safe harbor provision by serving the motion on the opposing party at least 21 days before filing it with the court."). Because Lakeview has not made this showing, it has not demonstrated that it is entitled to an award of attorney's fees incurred in litigating the motion to strike.

## VI.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The motion for entry of default judgment (Dkt. 14) is GRANTED IN PART and DENIED IN PART.

2.    The Court DECLARES that Defendants are in monetary default under the terms and obligations of the loan repayment agreement and the deed of trust.

3.    The Court ORDERS Plaintiff to file supplemental declarations regarding the amount of contract damages and Plaintiff's requests for declaratory relief no later than February 5, 2026.

4.    Plaintiff's claim for unjust enrichment is DISMISSED with prejudice.

5.    If Plaintiff wishes to continue pursuing a fraud claim, Plaintiff must file an amended complaint no later than January 29, 2026. Defendants must file any responsive pleadings within 21 days of service of the amended complaint. Fed. R. Civ. P. 12(a)(1).

6.    Defendants' motion to deny and vacate this case (Dkt. 17) is DENIED.

7.    Plaintiff's motion to strike (Dkt. 19) is DENIED as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of January, 2026.

Tiffany M. Cartwright
United States District Judge